# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC K. KELLER | : |
|     Plaintiff | : |
| v | :     Civil Action No. CCB-09-2004 |
| OFFICER AUTREY, | : |
| OFFICER EDWARDS, | |
| and HEARING OFFICER JON SANDSTROM | : |
|     Defendants | : |

o0o

## MEMORANDUM

Pending is defendants' motion to dismiss or for summary judgment. ECF No. 16. Plaintiff opposes the motion. ECF No. 18. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow the motion, construed as a motion for summary judgment, shall be granted.

## Background

Plaintiff claims he was assaulted by Officers Kristle Autrey and Crystal Edwards on June 7, 2009, while he was incarcerated at Jessup Pre-Release Unit (JPRU). He explains that as a shakedown of his cell was concluding he began to walk from his bunk area and the officers jumped on his back from behind and began maliciously assaulting him. As a result of the assault, plaintiff states he has acute lower back pain and was convicted of institutional infractions following an adjustment hearing. ECF No. 1.

With respect to Hearing Officer Sandstrom, plaintiff asserts Sandstrom was biased against him during his adjustment hearing. He states Sandstrom believed Autrey and Edwards when they said plaintiff assaulted them, but neither officer said they saw plaintiff attack them. ECF No. 1. He further claims Sandstrom improperly placed the burden of proof on plaintiff

when he accepted the officers' statements at face value. ECF No. 18.

Defendants state that Autrey and Edwards were conducting a random shakedown of plaintiff's bunk. ECF No. 16 at Ex. 2 pp. 3- 4,7- 8, and 11- 19. Plaintiff was ordered to sit in a chair next to his bunk during the search, which uncovered paperwork indicating he was affiliated with a prison gang known as the Bloods. *Id*. The officers put the paperwork aside so it could be forwarded to the prison intelligence officer. *Id*. As Autrey and Edwards were in the process of gathering the documents, plaintiff rose up from his seat, pushed Autrey out of the way, and reached for the confiscated documents. *Id*. at pp. 3-4, 7, 11-12, and 17. Autrey lost her footing and stumbled backward, hitting her head, back and left shoulder. *Id*. at pp. 3, 7 and 12. Plaintiff grabbed the confiscated materials and began tearing up the documents while walking toward the bathroom. *Id*. at pp. 3, 4, 7, 11, 13, and 17. Edwards gave plaintiff three direct orders to stop, but he failed to comply. *Id*.

In an effort to handcuff plaintiff, Autrey grabbed his right arm, but plaintiff swung his arm toward Autrey's face. *Id*. at 3, 4, 7,11, 13, and 18. Autrey radioed an "officer in need of assistance" call and resumed assisting Edwards in trying to restrain plaintiff. *Id*. In the process, Edwards jumped on plaintiff's back, wrapping both of her arms around him. *Id*. Plaintiff and both officers fell to the ground, hitting bunks, chairs, and wall lockers. *Id*. Plaintiff continued to resist the officers, pushing and shoving them as he continued to attempt to get away. *Id*. During the scuffle plaintiff yelled to other inmates, "[h]ey come get some of this, come get them." Plaintiff also asked an inmate sanitation worker in the bathroom to flush the ripped documents he was still holding in his hand. *Id*. at pp. 7, 14 - 15 and 18 -19. Officers Tavon Keitt and Antonio Cooper responded to the area, restrained plaintiff, and placed him in handcuffs. *Id*. at pp. 3, 4, 7, 11 and 15.

What remained of the documents was confiscated and given to Lieutenant Stone for the intelligence department. *Id*. at pp. 15, and 19. Photographs were taken and plaintiff was escorted to JPRU's medical department for evaluation and treatment. *Id.* at pp. 7, 11 and 24. Autrey and Edwards received injuries requiring medical treatment. *Id*. at p. 6. Plaintiff was issued a Notice of Inmate Rule Violation and Disciplinary Hearing for violating Rules 100, 101, 312, 400 and 405 on June 7, 2009, and transferred to MCI-J pending an adjustment hearing. *Id*. at pp. 7, 11, and 25-28, 36-45.

Plaintiff also challenges the outcome of his disciplinary hearing, alleging that Sandstrom improperly shifted the burden of proof to him. He further claims that Sandstrom did not find credible plaintiff's inmate witnesses solely because of their status as inmates, and ignored conflicting statements made by Autrey and Edwards in their written notices of infraction.

On June 12, 2009, a disciplinary hearing regarding the June 7, 2009 incident was held. ECF No. 16 at Ex. 2, p. 46. Plaintiff was permitted to call as witnesses JPRU inmates Timothy Jones and Clarence Winston, who testified via speaker phone. In his written findings Sandstrom stated he considered the notice of infraction written by both officers, the Serious Incident report which included photos showing injuries sustained during the incident, plaintiff's written statement, plaintiff's medical report, photos of the papers torn up by plaintiff, matters of record written by officers Kitt, Goins and Windley, and the testimony of plaintiff and his witnesses *Id*. at p. 47. In his decision Sandstrom stated:

> The subject claimed he was 'tackled' by the officer for trying to tear up the papers he was holding for a gang member. The subject claimed he did not realize he was not entitled to do this. He denied assaulting any staff member and claimed to prove this because staff did not immediately call a staff assault code etc. . . . This argument is wholly without merit and essentially irrelevant. H/O finds the reports of staff . . . the mountain of evidence here . . . shows beyond any reasonable doubt subject assaulted staff. He further tried to incite inmates to a

3

> mutinous act, failed to follow orders and resisted efforts of staff to control and cuff him. H/O finds. The subject's claims that staff jumped on him for no good reason and caused the incident were wholly unpersuasive. H/O was unimpressed by the testimony of subject's witnesses; their testimony seemed more intent on protecting subject rather than relate truth here. H/O finds subject did violate the above rules.

*Id*. at 48. Plaintiff was found guilty of violating rules 100 and 101. *Id*.

Defendants assert that plaintiff's complaint should be dismissed as it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As a result of the June 7, 2009 incident, plaintiff was convicted of two counts of second-degree assault on a correctional employee on May 7, 2010, and sentenced to serve 366 days on each concurrently, consecutive to his present sentence, by the Anne Arundel County District Court . *Id*. at Ex. 1. The conviction has not been overturned. Defendants further assert the adjustment conviction was proper.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

### Excessive Force Claim

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, __ U.S. __, 130 S. Ct. 1175, 1178-79 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*.

5

Plaintiff was found guilty of two counts of second degree assault in the District Court for Anne Arundel County. ECF No. 16 at Ex. 1. By virtue of his criminal conviction for assaulting the officers, it is clear the use of force against plaintiff was not malicious or sadistic. Additionally, plaintiff's injuries[1] were minor, indicating that the force used was not excessive to the circumstances. Plaintiff does not deny destroying the evidence found in his cell and does not deny walking away from the officers with the evidence in hand. Defendants were entitled to use some force in an attempt to prevent destruction of evidence.

## Due Process Claim

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *See Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence". *See Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due"). Sandstrom relied on "some evidence" to arrive at a guilty verdict in plaintiff's adjustment proceedings. Notwithstanding plaintiff's bald assertion, there is no evidence that

---

[1] Plaintiff's injuries were described as "small minor laceration on forearm with small amount of active bleeding" and an "abrasion on knee." He also claimed lower back pain for which he was prescribed Motrin over the next two to three months. (ECF No. 16 at Ex. 3).

Sandstrom was biased in his decision.

Accordingly, the defendants' motion will be granted by separate Order.


November 17, 2010                                          /s/
Date                                                       Catherine C. Blake
                                                           United States District Judge